960 F.2d 149
 20 Media L. Rep. 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harvey GOODMAN, et al., Plaintiffs,
v.
Clyde M. FULLER, et al., Defendants,
Security Finance Group, Inc., Movant-Appellant,
Richard A. Getty, Respondent-Appellee.
 No. 91-6089.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The entire record in this case was placed under seal by an order that the district court entered several years ago in connection with a post-trial settlement. Appellant Security Finance Group, Inc., a non-party that has been treated as an intervenor, subsequently moved to unseal the record. In a one-paragraph order, the district court denied the motion on the basis of the following finding:
 
 
 2
 "The court has reviewed the matter and finds that sufficient reason to unseal the record is not shown."
 
 
 3
 A motion for reconsideration was denied in equally summary fashion, and Security Finance has appealed.
 
 
 4
 Generally speaking, members of the public have a presumptive right to inspect and copy judicial records. Meyer Goldberg, Inc. of Lorain v. Fisher Foods, 823 F.2d 159, 163 (6th Cir.1987); In re Knoxville News Sentinel Co., 723 F.2d 470, 473-74 (6th Cir.1983). In the exercise of its sound discretion, and where the facts of a particular case warrant such action, a court may seal sensitive portions of a judicial record to protect legitimate privacy interests or to ensure fairness in ongoing litigation. Krause v. Rhodes, 671 F.2d 212 (6th Cir.), cert. denied, 459 U.S. 823 (1982). Where there is a challenge to the propriety of such a seal, however, and the district court, after weighing the conflicting interests, remains of the view that curtailment of the public's right of access to the records of its court system is justified, it is essential for the court to present a reasoned analysis explaining why. See Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165, 1176 (6th Cir.1983), cert. denied, 465 U.S. 1100 (1984), where we held that "the District Court erred by failing to state findings or conclusions which justify nondisclosure to the public."
 
 
 5
 In the case at bar, the district court did not undertake to make findings or conclusions that would justify nondisclosure to the public. Nondisclosure cannot be justified solely on the basis of a sweeping order agreed to by the litigants, but otherwise unexplained, sealing the entire record of a concluded case.
 
 
 6
 The district court is familiar with the specific materials at issue here, and we are not. Accordingly, we VACATE the order denying the motion to unseal the record and REMAND the case for further proceedings not inconsistent with this opinion. The appellee's motion to supplement the record on appeal is DENIED as moot.